## Commonwealth v. McFadden

*John R. Graham*, District Attorney, for Commonwealth.

*James L. Shea*, and *H. Lester Haws*, for defendant.

SWENEY, P. J., December 30, 1959.—Defendant was charged with rape, statutory rape, assault with intent to ravish, indecent assault, assault and battery and corrupting the morals of children. Defendant admitted sexual intercourse with the child who was under the age of 16 years, but produced testimony tending to prove bad reputation of the girl. The jury found defendant "guilty" of fornication and corrupting morals and "not guilty" on the balance of the charges.

The sole question for determination is whether a defendant can be found "guilty" of corrupting the morals of a female child, where the jury by its verdict of "guilty" of fornication says that the child has a bad reputation. In other words, can a man corrupt the morals of a girl who already has a bad reputation.

We do not think that a girl with a bad reputation can be corrupted. The act of assembly cannot be construed to mean that a girl of bad reputation can be made worse by a man's attentions which would make the man guilty of an offense. We so instructed the jury in our charge, and we see no reason why the "guilty" verdict on the charge of corrupting morals should be permitted to stand.

We, therefore, enter the following

### Decree

And now, December 30, 1959, it is ordered and decreed that defendant's motion in arrest of judgment be, and it is hereby, sustained; the jury's verdict of guilty of corrupting the morals of children is set aside; defendant, Edward McFadden, is directed to appear before the court on January 8, 1960, at 10 a.m., in Court Room No. 1, Court House, Media, for sentence on the charge of fornication.